UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61133-CV-COHN
MAGISTRATE JUDGE P.A. WHITE

BRUCE BURNETT,                          :

     Petitioner,                      :

v.                                      :        REPORT OF
                                      MAGISTRATE JUDGE
MICHAEL D. CREWS,                       :

     Respondent.                      :
_____

## I. Introduction

Bruce Burnett, who is presently confined at Century Correctional Institution in Century, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences in case number 07-316CF10B, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the amended petition for writ of habeas corpus, the respondent's response to an order to show cause and exhibits in support thereof.

## II. Custody

The respondent concedes petitioner is currently in the lawful

1

custody of the Florida Department of Corrections pursuant to a valid judgment and sentence entered by the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. (DE#12:1).

## III. <u>Claims</u>

Petitioner raises the following claims, verbatim:

1. Denial of self-representation, in violation of petitioner's right to self-presentation, as guaranteed by the United States Constitution, and the Sixth Amendment and Fourteenth Amendment. (DE#8:5).

2. Ineffective assistance of counsel, in violation of petitioner's right to effective assistance of counsel, as guaranteed by the United States Constitution, and the Fifth, Sixth and Fourteenth Amendments. (DE#8:8).

3. Held under unconstitutional law, in violation of the petitioner's right to due process of law; nor to deny to any person within its jurisdiction the equal protection of the laws, as guaranteed by the Fourteenth Amendment of the United State Constitution. (DE#8:12).

## IV. <u>Procedural History</u>

The pertinent procedural history of this case can be summarized as follows. Following a trial, petitioner was adjudicated guilty of trafficking in oxycodone, conspiracy to traffic in oxycodone, obtaining a controlled substance by fraud, and felony driving while license suspended as a habitual offender. (DE#12,Exs.1-3). He was also sentenced to a total of 20 years in prison, with a minimum mandatory sentence of 15 years. (<u>Id.</u>,Ex.4).

A direct appeal was filed with the Fourth District Court of Appeal, giving rise to case number 4D07-2154, wherein he raised **claim one** of the instant federal habeas corpus petition, as set forth <u>supra</u>. (DE#12,Exs.5,6). Following the state's response (<u>id.</u>,ex.7), the district court, on November 4, 2009, <u>per curiam</u> and without written opinion, affirmed petitioner's convictions and sentences. (<u>Id.</u>,Ex.8); <u>Burnett v. State</u>, 20 So.3d 859 (Fla. 4th DCA 2009)(Table).

On November 16, 2010, petitioner filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, wherein he raised **claim two** of the instant federal habeas corpus proceeding, as set forth <u>supra</u>. (DE#12,Ex.10). Thereafter, on October 19, 2011, petitioner filed an amended Rule 3.850 motion, wherein he not only raised **claim two**, but he also raised **claim three** of the instant federal petition, as set forth <u>supra</u>. (<u>Id.</u>,Ex.11). Following the state's response (<u>id.</u>,ex.13), the state trial court on, June 21, 2012, denied the motion for the reasons set forth in the state's response. (<u>Id.</u>,Ex.14).

Petitioner thereafter appealed the denial of his Rule 3.850 motion, case number 4D12-2851. (DE#12,Ex.15). Following briefing by both parties (<u>id.</u>,exs.16-18), the district court, on April 11, 2013, <u>per curiam</u> and without written opinion, affirmed the trial court's denial. (<u>Id.</u>,Ex.19); <u>Burnett v. State</u>, 113 So.3d 13 (Fla. 4th DCA 2013)(Table). The mandate issued on May 10, 2013. (DE#12,Ex.20).

Following the conclusion of his state court proceedings, petitioner, on May 15, 2013, came to this Court filing the instant <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (DE#1). Less than a month later, on June 7, 2013, petitioner

filed an amendment thereto. (DE#8).

## V. Statute of Limitations

The respondent correctly concedes the petitioner's 28 U.S.C. §2254 petition was timely filed. (DE#12:3-5).

## VI. Exhaustion & Procedural Default

Before bringing a §2254 habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction. See 28 U.S.C. §2254(b), (c). The exhaustion requirement is not satisfied if the prisoner (1) fails to raise a federal claim in the state court, *see, e.g.,* Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999); or (2) fails to raise a claim in terms of federal law, *see, e.g.,* Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. A claim of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate district court of appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So. 2d. 439, 442 n.1 (Fla. 1990).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief," unless one of two exceptions apply: cause and prejudice or fundamental miscarriage of justice. Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001). "A claim is procedurally defaulted if it has

4

not been exhausted in state court and would now be barred under state procedural rules." <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008). <u>See also</u> <u>Bailey</u>, 172 F.3d at 1305 (holding that the court "may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.").

Besides a failure to exhaust, a procedural default may also result from non-compliance with state procedural requirements. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640, *reh'g denied*, 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). Thus, federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 85-86, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). <u>See also</u> <u>Siebert v. Allen</u>, 455 F.3d 1269, 1271 (11th Cir. 2006), *cert. denied*, 549 U.S. 1286, 127 S.Ct. 1823, 167 L.Ed.2d 331 (2007); <u>Harmon v. Barton</u>, 894 F.2d 1268, 1270 (11th Cir. 1990). To apply an express procedural bar, the state procedural rule must be regularly followed. <u>See</u> <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1317 (11th Cir. 1998)(finding that federal courts may not review a claim that a petitioner procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief), *cert. denied*, 526 U.S. 1047, 119 S.Ct. 1350, 143 L.Ed.2d 512 (1999). Application of a regularly established state procedural rule is appropriate where the appellate court silently affirms the lower court procedural bar since federal courts should not presume an appellate state court would ignore its own procedural rules in summarily denying

applications for post-conviction relief. <u>Tower v. Phillips</u>, 7 F.3d
206, 211 (11th Cir. 1993).

The United States Supreme Court has recently discussed the
doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of
> a state prisoner's conviction and sentence are guided by
> rules designed to ensure that state-court judgments are
> accorded the finality and respect necessary to preserve
> the integrity of legal proceedings within our system of
> federalism.  These rules include the doctrine of
> procedural default, under which a federal court will not
> review the merits of claims, including constitutional
> claims, that a state court declined to hear because the
> prisoner failed to abide by a state procedural rule. *See,
> e.g., Coleman*,[1] *supra*, at 747–748, 501 U.S. 722, 111
> S.Ct. 2546, 115 L.Ed.2d 640; *Sykes*,[2] *supra*, at 84–85,
> 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594. A state
> court's invocation of a procedural rule to deny a
> prisoner's claims precludes federal review of the claims
> if, among other requisites, the state procedural rule is
> a nonfederal ground adequate to support the judgment and
> the rule is firmly established and consistently followed.
> *See, e.g.*, <u>Walker v. Martin</u>, 562 U.S. ___, ___, 131 S.Ct.
> 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>,
> 558 U.S. 53, [60–61], 130 S.Ct. 612, 617–618, 175 L.Ed.2d
> 417 (2009). The doctrine barring procedurally defaulted
> claims from being heard is not without exceptions. A
> prisoner may obtain federal review of a defaulted claim
> by showing cause for the default and prejudice from a
> violation of federal law. <u>See Coleman</u>, 501 U.S., at 750,
> 111 S.Ct. 2546, 115 L.Ed.2d 640.

<u>Martinez v. Ryan</u>, ____ U.S. ____, ____, 132 S.Ct. 1309, 1316, 182
L.Ed.2d 272 (2012).

---

[1]<u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640
(1991).

[2]<u>Wainwright v. Sykes</u>, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

6

Thus, even when a claim has been procedurally defaulted in the state courts, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Maples v. Thomas, ___ U.S. ___, ___, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012)(citations omitted); In Re Davis, 565 F.3d 810, 821 (11th Cir. 2009)(citation omitted). For a petitioner to establish cause, the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992)(quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397). To establish prejudice, a petitioner must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639, 91 L.Ed.2d 397).

In the absence of a showing of cause and prejudice, a petitioner may nevertheless receive consideration on the merits of a procedurally defaulted claim if he can establish a fundamental miscarriage of justice otherwise would result (i.e., the continued incarceration of one who is actually innocent). See Ward v. Hall, 592 F.3d 1144, 1155–57 (11th Cir. 2010), cert. denied, ____ U.S. ___, 131 S.Ct. 647, 178 L.Ed.2d 513 (2010). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)(quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), cert. denied, 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not

presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)(*quoting* <u>Schlup</u>, 513 U.S. at 324). Such evidence is rare, relief on such a basis is extraordinary. <u>Schlup</u>, 513 U.S. at 327.

With these well-established principles in mind, it needs to be determined at the outset if any of petitioner's claims are unexhausted and/or subject to procedural bars. The respondent correctly concedes **claims one and two** are exhausted in that claim one was raised on direct appeal and claim two was raised in petitioner's Rule 3.850 and the appeal thereof. (DE#12:5). However, as to **claim three**, the respondent correctly asserts it is unexhausted and procedurally barred from federal habeas review. (<u>Id.</u>).

As to **claim three**, petitioner raised this claim in his amended Rule 3.850 motion. (DE#12,Ex.11). The motion was denied by the trial court with petitioner receiving no evidentiary hearing on any of the claims raised. (<u>Id.</u>,Ex.14). Petitioner took an appeal from the summary denial, identifying one ground for relief in his brief, which included the ground presented here as claim two. (DE#12,Ex.16). Petitioner included no argument as to the ground raised here as claim three. (<u>Id.</u>). The Florida appellate court affirmed the trial court's ruling without written opinion.(<u>Id.</u>,Ex.19); <u>Burnett v. State</u>, 113 So.3d 13 (Fla. 4th DCA 2013)(Table).

In Florida, exhaustion of claims raised in a Rule 3.850 motion includes an appeal from the denial of the motion. <u>See</u> <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5th Cir. 1979)(holding that Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction).

Generally, in Florida, any argument that is presented below but not raised in an appellant's initial brief is deemed abandoned. See N.W. v. Department of Children and Families, 865 So.2d 625, 625 (Fla. 4th DCA 2004). See also Duest v. Dugger, 555 So.2d 849 (Fla. 1990)("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."). Although petitioner prosecuted an appeal from the denial of his Rule 3.850 motion, he raised only the ground now presented as claim two. Therefore, petitioner waived appellate review of claim three, and thus did not properly exhaust the claim in the state courts.[3]

A petitioner's claims that are not exhausted but would clearly be barred if returned to state court must be denied. Kelley v. Secretary for Dept. of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004)("[W]hen it is obvious that the unexhausted claims would be

---

[3]This rule now applies regardless of whether the trial court in the postconviction proceeding summarily denied the claims or whether the defendant received an evidentiary hearing on any post-conviction claim. In order to obtain review, a defendant must present argument on all issues for which he seeks appellate review in his initial brief, regardless of whether the claim was summarily denied or litigated at the evidentiary hearing. See Prince v. State, 40 So.3d 11 (Fla. 4th DCA 2010); Hammond v. State, 34 So.3d 58 (Fla. 4th DCA 2010)(claim for which appellant did not present argument, or for which he provided only conclusory argument, was insufficiently presented for appellate review, regardless of whether claim was among those claims litigated at evidentiary hearing or among those claims summarily denied by trial court); Williams v. State, 24 So.3d 1252 (Fla. 1st DCA 2009)(where appellant received evidentiary hearing on some of his post-conviction claims and others were summarily denied, appellate court would review only those summarily denied claims which movant argued in appellate brief). See also Walton v. State, 58 So.3d 887, 888 (Fla. 2d DCA 2011)(where all of appellant's post-conviction claims were summarily denied, but appellant chose to file initial brief on appeal (even though not required to do so under Fla.R.App.P. 9.141(b)(2)), appellant abandoned any issues not addressed in initial brief); Ward v. State, 19 So.3d 1060, 1061 (Fla. 5th DCA 2009)(en banc)(same); Watson v. State, 975 So.2d 572 (Fla. 1st DCA 2008)(same); Austin v. State, 968 So.2d 1049 (Fla. 5th DCA 2007)(same).

procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." (internal quotation marks omitted)). It would be futile here to dismiss the case to give petitioner the opportunity to exhaust the subject unexhausted claim because it could have and should have been raised on appeal during the initial Rule 3.850 proceedings. The petitioner's unexhausted claim is now incapable of exhaustion at the state level and would be procedurally barred under Florida law. Petitioner cannot now take a timely, not to mention second, appeal from the trial court's order. See Fla.R.App.P. 9.140(b)(3). Due to petitioner's failure to take a proper appeal from the denial of post-conviction relief, there is no longer a remedy available in state court.[4]

Since petitioner cannot now take a second appeal from the denial of his Rule 3.850 motion to attempt to successfully exhaust the ground presented in claim three, the claim is considered procedurally defaulted. Petitioner has not alleged, let alone demonstrated, cause and prejudice for the default. He has also not shown that he is entitled to review under the fundamental miscarriage of justice exception. Petitioner has provided no evidence whatever of actual innocence let alone new and reliable evidence of his innocence.[5] Schlup v. Delo, 513 U.S. at 321-322.

_____

[4]The Florida procedural rule deeming as waived or abandoned claims for which an appellant had not presented any argument in his initial brief, even when there is a post-conviction evidentiary hearing which was limited in scope to some but not all post-conviction claims and the appellant's insufficiently presented claims were summarily denied by the trial court, is a firmly established and regularly followed procedural rule for purposes of federal habeas. See Thomas v. Crews, 2013 WL 3456978, *14 n.8 (N.D.Fla. 2013)(compiling cases).

[5]The petitioner must support an actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995)). The Supreme Court

Consequently, this ground is procedurally barred from federal review.

## VII. <u>Standard of Review</u>

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. §2254(d)(1), (2); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of §2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Williams</u>, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court

---

emphasized that actual innocence means factual innocence, not mere legal insufficiency. <u>Id</u>. <u>See also</u> <u>High v. Head</u>, 209 F.3d 1257 (11th Cir. 2000); <u>Lee v. Kemna</u>, 213 F.3d 1037, 1039 (8th Cir. 2000); <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107 (2d Cir. 2000)(citing <u>Schlup v. Delo</u>, 513 U.S. 298, 299, (1995); <u>Jones v. United States</u>,153 F.3d 1305 (11th Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him).

decision. <u>Hall v. Head</u>, 310 F.3d 683, 690 (11th Cir. 2002) (citing <u>Williams</u>, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. <u>See</u> <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Sec'y, Dep't of Corr.</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. <u>Id.</u> Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001).

Moreover, in the instant case, petitioner seeks habeas relief based on ineffective assistance of counsel. The United States Supreme Court clearly established the law governing such claims in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. <u>Id.</u> at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. <u>Id.</u> The judiciary's scrutiny of counsel's performance is highly deferential. <u>Id.</u> at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. <u>Id.</u> at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. <u>Id.</u>

A defendant must satisfy both the deficiency and prejudice

prongs set forth in <u>Strickland</u> to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. <u>Strickland</u>, 466 U.S. at 697.

Combining AEDPA's habeas standard and <u>Strickland's</u> two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, the petitioner must show the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).

## VIII. <u>Discussion</u>

In **claim one**, petitioner asserts the state trial court violated his constitutional rights when it delayed in holding a <u>Faretta</u>[6] hearing on his request to represent himself. (DE#8:5).

In particular, petitioner argues the trial court waited three months from the time he filed a notice of dismissal of the public defender on January 18, 2007, wherein he argues he made an unambiguous request under <u>Faretta</u>, until April 27, 2007, when the state trial court finally conducted a <u>Faretta</u> hearing. (DE#8:5-7). According to petitioner, it was not until his fourth request, did the trial court finally conduct the necessary inquiry.[7]

The Sixth Amendment grants an accused the right to represent

---

[6]<u>Faretta v. California</u>, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975).

[7]Petitioner asserts the state trial court failed to conduct a <u>Faretta</u> hearing notwithstanding his requests for self-representation made on January 18, 2007, March 28, 2007 and March 29, 2007. (DE#8:5-7).

himself at trial. <u>Faretta v. California</u>, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). Before representing himself, a defendant must make a clear and unequivocal request to do so and be made aware of the benefits he relinquishes by doing so. <u>Id.</u> at 835, 95 S.Ct. at 2541. Thus, a trial court's obligation to conduct a " Faretta hearing," where a defendant is made aware of the dangers and disadvantages of self-representation, is triggered by the defendant's "clear and unequivocal assertion of a desire to represent himself." <u>See, e.g.,</u> <u>Raulerson v. Wainwright</u>, 469 U.S. 966, 969-70, 105 S.Ct. 366, 369, 83 L.Ed.2d 302 (1984)(Marshall, J. dissenting from denial of certiorari)("Accordingly, in *Faretta* we indicated that a defendant's clear and unequivocal assertion of a desire to represent himself must be followed by a hearing, in which he is 'made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" (*quoting* <u>Faretta</u>, 422 U.S. at 835, 95 S.Ct. 2525)(footnote omitted)); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1293 (11th Cir. 2011)(stating that although *Faretta* was not primarily concerned with clarity and equivocation in making a request to proceed *pro se*, it is clear from the Court's decision that a trial court's obligation to conduct a *Faretta* hearing, is triggered by the defendant's clear and unequivocal assertion of a desire to represent himself.); <u>Stano v. Dugger</u>, 921 F.2d 1125, 1144 (11th Cir. 1991)("Once the right of self-representation has been asserted clearly and unequivocally, understandable to the trial court by the reasonable person standard, then and only then is that court, under Supreme Court and Eleventh Circuit case law, required to conduct the requisite inquiry to determine whether the criminal defendant's decision to represent himself is knowing, intelligent and voluntary."); <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990)("In recognition of the thin line that a district court

14

must traverse in evaluating demands to proceed *pro se*, and the knowledge that shrewd litigants can exploit this difficult constitutional area by making ambiguous self-representation claims to inject error into the record, this Court has required an individual to clearly and unequivocally assert the desire to represent himself."); <u>Dorman v. Wainwright</u>, 798 F.2d 1358, 1366 (11th Cir. 1986)("Insofar as the desire to proceed *pro se* is concerned, petitioner must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request [to proceed pro se] was not made.").

In this case, the record reveals that on January 6, 2007, petitioner completed an application for Criminal Indigent Status in case number 07000317CF. (DE#12,Ex.13:Attached Exhibits). Three days later, the Clerk determined petitioner was indigent and appointed the public defender to represent him. (<u>Id.</u>). In light of this appointment, on January 17, 2007, Assistant Public Defender, Jacob A. Cohen, filed an "Acknowledgment of Appointment and Notice of Assistant Public Defender Assignment" in petitioner's case. (<u>Id.</u>). On that same day, APD Cohen also filed a written plea of not guilty and a waiver of arraignment on petitioner's behalf. (<u>Id.</u>).

On January 18, 2007, petitioner filed a <u>pro se</u> pleading entitled "Accused's Notice of Dismissal of Public Defender," in case number 07000316CF10B, wherein he states as follows:

> COMES NOW the Accused, in Propia Persona, appearing specially and not generally herein, and hereby notices the Court, the State and the Public Defender that the Accused inadvertently signed documents under the guise of the booking procedure. One of these documents appears to have been a document regarding representation of the Public Defender.

15

1. The Accused hereby revokes repudiates and annuls his signature on any documents permitting representation by the Public Defender and states that any such document(s) were signed under mistake, threat, duress and coercion and now demands this Court to recognize his right to Counsel or co-counsel of his choice.

2. Moreover, this Notice shall not be construed as a request or motion of any kind. The Accused makes this Notice as a matter of constitutional right under the doctrine of <u>Faretta v. California</u>, 422 U.S. 806 (1975).

3. Pursuant to the United States Supreme court, forcing Counsel upon the Accused, not of his own choosing, is conceivably worse than no Counsel at all.

THEREFORE YOU ARE HEREBY NOTICED that the Public Defender is hereby and forever precluded from representation of the Accused.

(DE#12,Ex.13:Attached Exhibits). Thereafter, on February 9, 2007 and on February 12, 2007, petitioner filed two additional <u>pro se</u> pleadings, which both included case numbers 0700037CF10A and 07000316CF10A. (<u>See</u> <u>id.</u>, Motion to Dismiss and Petition for Writ of Mandamus or in the alternative, Prohibition). However, on February 15, 2007, the state trial court struck the Petition for Writ of Mandamus, explaining petitioner is not entitled to hybrid representation. (DE#12,Ex.13:Attached Exhibits).

Thereafter, on March 28, 2007, the trial court conducted a hearing wherein the public defender moved to withdraw as it had represented petitioner's co-defendant. (DE#12,Ex.24:Transcript of March 28, 2007 Hearing:1-2). The court granted the public defender's motion and appointed petitioner a special public defender, Phoebee Francois, as calendar call was scheduled for the following day. (<u>Id.</u>:2-3). At this point, petitioner engaged the court in the following colloquy:

DEFENDANT BURNETT: [I]'m not interested in a court-appointed public defender or attorney. I would like to represent myself at this point. And I'm not going to waive my right to assistance of counsel at this time either.

THE COURT: Well, problem is that you can't have it both ways. That's the problem. The law doesn't allow you to do that.

So what we're going to do is I'm going to appoint you a special public defender today. You'll discuss whatever you need to discuss with him.

DEFENDANT BURNETT: I'm not going to discuss anything with him.

THE COURT: You'll discuss whatever you need - - you'll have the opportunity to discuss whatever you need to discuss with him.

We'll see you back here tomorrow and we address the issue tomorrow. And if you need - - he'll tell you what you need to do or you figure out what you need to do if you want to represent yourself.

(<u>Id.</u>:3-4).

On the following day, March 29, 2007, petitioner once again appeared in court, with court appointed counsel. (DE#12,Ex.24:Transcript of March 29, 2007 Hearing). At the start of the hearing, Attorney Francois informed the court that after speaking with petitioner, he indicated to her that he did not wish for Francois to represent him on the case, but rather, he wished to represent himself. (<u>Id.</u>:2). As such, Francois, based on her conversation with petitioner, declined the court's appointment. (<u>Id.</u>). However, The court did not allow Francois to decline the appointment and explained that petitioner had to file the appropriate motion for the court to consider his request for self-representation. (<u>Id.</u>:2-3). Although the court acknowledged that a

17

motion was not necessary for it to conduct a <u>Faretta</u> inquiry, the
court went on to explain as follows:

> He said that he wanted to represent himself. I just want
> a record of everything and that's why I'm requiring him
> to file it in writing. As soon as he files it in writing
> and sends a copy over to the Court, the Court will set it
> down for hearing at which time you'll be present and the
> Court will make the inquiry that needs to be made to
> determine whether or not in fact he should represent
> himself.
>
> If in fact as a result of that hearing I find that he's
> qualified to represent himself, then there won't be a
> problem with it. I don't want him to go without counsel
> should anything come up between that period of time that
> could not be otherwise addressed or brought to the
> Court's attention what counsel can do faster than he
> would be able to do given the facts and circumstances of
> his incarceration.

(<u>Id.</u>:3-4). The court further explained it was merely trying to
protect the petitioner. (<u>Id.</u>:4). Petitioner responded that he was
fully capable of representing himself. (<u>Id.</u>). Notwithstanding, the
court noted "I don't have any problem with that once I go through
the inquiry. But I cannot do it today and I require that it be in
writing." (<u>Id.</u>). Petitioner conceded and informed the court that he
would file the correct motion. (<u>Id.</u>:4-5).

On April 19, 2007, petitioner once again appeared before the
court based on his written pleading requesting to represent
himself. (DE#12,Ex.24:Transcript of April 19, 2007 Hearing). After
the trial court began to conduct the <u>Faretta</u> hearing, the court
realized there were other motions in petitioner's case that needed
to be addressed. (<u>Id.</u>). The court acknowledged it had a demand for
speedy trial, but that it was not signed. (<u>Id.</u>:10). The state
explained that part of the problem was that petitioner was filing
pleadings under the wrong case number and with the wrong judge,

which the court acknowledged could attribute to the situation. (<u>Id.</u>:11-12). Since Attorney Francois was not present for this hearing, the court reset the hearing for the following week explaining as follows:

> Here is the problem. Right now your represented by a lawyer. I understand you said you didn't want to be represented by a lawyer. That's the purpose of this hearing today. However, in the meantime Mr. Daus [state prosecutor] has raised the issue with regard to anything you previously filed as to whether or not counsel who is representing you at the time adopted those. So that needs to be addressed. And I can't do that without her being present. So the only thing I can be able to do to organize this whole thing and move forward is to address it all. And I would do it Monday and Thursday but I'm in trial. Just for the record the case number that you have to refer to on pleadings is 07-316 CF 10(B.) If you put any other number on it, I don't know whether it will ever get into this file. And that's what I looked at.

(<u>Id.</u>:12-13).

Shortly thereafter, petitioner once again appeared before the trial court on April 27, 2007 for a hearing with Attorney Francois present. (DE#12,Ex.24:Transcript of April 27, 2007 Hearing). At the start of the hearing, after noting for the record every <u>pro se</u> motion pending before it, the court asked Attorney Francois whether she adopted any of petitioner's motions, which she declined to do. (<u>Id.</u>:3-4). As such, the trial court struck all previously filed pending <u>pro se</u> pleadings, including petitioner's demand for speedy trial. (<u>Id.</u>). Next, based on petitioner's request to represent himself, the court conducted a <u>Faretta</u> inquiry. (<u>Id.</u>:13-46). At the conclusion thereof, the court permitted petitioner to represent himself and discharged Attorney Francois from the case. (<u>Id.</u>:46).

On April 30, 2007, petitioner re-filed many of his previously

stricken <u>pro se</u> motions, including an executed demand for speedy
trial. (DE#12,Ex.13:Exhibits). Then, on May 3, 2008, the trial
court held a hearing to address petitioner's demand for speedy
trial. (DE#12,Ex.24:Transcript of May 3, 2007 Hearing). During the
hearing, the court noted the various motions filed by petitioner
are in contradiction to his demand for speedy trial. (<u>Id.</u>:2-4).
Despite the court indicating its concern, petitioner nonetheless
persisted he would not waive his right to a speedy trial. (<u>Id.</u>:4).
Accordingly, trial was set for May 14, 2007. (<u>Id.</u>).

    The state trial court did not err in failing to conduct a
<u>Faretta</u> inquiry on an earlier date. Based upon a review of the
record, petitioner's alleged requests for self-representation were
at best equivocal; he was not entitled to an inquiry on the subject
of self-representation under <u>Faretta</u> until the time he requested in
writing, per the court's order, that he wished to represent
himself. Prior to the filing of his written request, petitioner was
not entitled to such an inquiry under the facts here.

    Contrary to petitioner's assertion, although his January 18,
2007 notice to the court cited <u>Faretta</u>, <u>supra</u>, no request was made
therein that he desired to represent himself. (DE#12,Ex.13:Attached
Exhibits:Accused's Notice of Dismissal of Public Defender).
Instead, he demanded the trial court to recognize "his right to
Counsel or co-Counsel of his choice." (<u>Id.</u>). Likewise, petitioner
clearly indicated therein "this Notice shall not construed as a
request or motion of any kind." (<u>Id.</u>). Accordingly, because
petitioner did not equivocally request to represent himself in the
foregoing pleading, the trial court was not required to conduct a
<u>Faretta</u> hearing at the time.

    Not until the March 28, 2007 hearing, did petitioner make a

clear verbal request to represent himself. However, this request was also equivocal in that he followed his request for self-representation with "[a]nd I'm not going to waive my right to assistance of counsel at this time either." (DE#12,Ex.24:Transcript of March 28, 2007 Hearing:3-4). Since during this hearing the court granted the public defender's request to withdraw, and in light of calendar call scheduled for the following day, the court appointed petitioner a special public defender with whom he could discuss his desire to represent himself. (Id.). The next day, Francois informed the court that petitioner indicated he did not wish to be represented by counsel, but instead, he desired to represent himself. (DE#12,Ex.24:Transcript of March 29, 200 Hearing:2). At this time, the court informed petitioner that any request for self-representation must be in writing. (Id.:2-3).

Following petitioner's written request for self-representation, the state trial court conducted a Faretta hearing on April 19, 2007, which was continued and completed on April 27, 2007, at which the conclusion thereof, the court permitted petitioner to represent himself. (DE#12,Ex.24:Transcript of April 19, 2007 and April 27, 2007 Hearings). Only when petitioner unequivocally declared to the court that he wanted to represent himself, did the court conduct a timely Faretta inquiry. For all these reasons, petitioner is not entitled to federal habeas corpus relief on this claim. See 28 U.S.C. §2254(d); Gill, 633 F.3d at 1296 (holding that petitioner not entitled to habeas corpus relief since record demonstrated that invocation of right to self-representation was equivocal and not sufficient to invoke Faretta and, therefore, neither trial court's rejection of petitioner's request to proceed pro se nor the Florida appellate court's affirmance thereof, was objectively unreasonable under applicable AEDPA standard); Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir

1982)(finding courts should not "quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense")(*citing* <u>Brewer v. Williams</u>, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1976)(courts must indulge every reasonable presumption against waiver of counsel).

In **claim two**, petitioner asserts he was denied effective assistance of counsel when his court appointed attorney, Phoebee Francois, failed to file a notice of expiration of speedy trial as she had promised petitioner she would do. (DE#8:8-10). According to petitioner, had counsel filed the notice of expiration when requested, he would have been able to proceed to trial prior to the state listing co-defendant as a witness in its supplemental discovery. (<u>Id.</u>). Thus, petitioner concludes the state may not have been able to bring defendant to trial or if it did, the state may not have been able to call petitioner's co-defendant as a witness; without co-defendant's testimony, the state did not have a case. (<u>Id.</u>).

In Florida, except under certain limited circumstances, every person charged by indictment or information with a crime that is a felony shall be brought to trial within 175 days of arrest. <u>See</u> <u>Fla.R.Crim.P</u>. 3.191(a). After the 175-day speedy trial time expires, a defendant has the right to file a Notice of Expiration of Speedy Trial (before referred to as a "motion for discharge"). At that point, the defendant is not eligible for that relief, but, instead he is entitled only to a trial within a fifteen-day recapture period, the right to which is triggered by the "notice of expiration of speedy trial time." <u>See</u> <u>Fla.R.Crim.P</u>. 3.191(g),(p). <u>See also</u> <u>State v. Reaves</u>, 609 So.2d 701 (Fla. 4 DCA 1992), <u>review denied</u>, 623 So.2d 494 (Fla. 1993). The speedy trial rule is, therefore, not "self-executing," and requires the defendant to take

appropriate steps to trigger application of the rule. <u>See</u> <u>State v.</u>
<u>Gibson</u>, 783 So. 2d 1155 (Fla. 5th DCA 2001). If a defendant remains
silent, he is not entitled to a speedy discharge or even a speedy
trial merely because the 175 day period expires without him having
been tried. <u>Id.</u> <u>See also</u> <u>Underwood v. State</u>, 651 So. 2d 760 (Fla.
1st DCA 1995)(stating that the intent of <u>Fla.R.Crim.P</u>. 3.191(p)(3)
is to provide prosecutor 15 days within which to bring defendant to
trial from the date of the filing of the motion to discharge (now
called a notice of expiration of speedy trial)).

The chronology of the events regarding the speedy trial issue
as revealed by the record is as follows. Petitioner was arrested on
January 4, 2007. (DE#12,Ex.12:Complaint Affidavit). Thereafter, on
January 17, 2007, the public defender was appointed to represent
him. (DE#12,Ex.13:Attached Exhibits). The information, charging
petitioner with the subject offenses, was filed on January 30,
2007. (DE#12,Ex.2). Almost two months later, on March 28, 2007,
based on the public defender's motion to withdraw, the trial court
held a hearing wherein it granted the motion and appointed a
special public defender, Phoebee Francois, as of that day and for
future purposes. (DE#12,Ex.24:Transcript of March 28, 2007
Hearing). The following day, petitioner and Attorney Francois
appeared before the trial court for calendar call.
(DE#12,Ex.24:Transcript of March 29, 2007 Hearing). During this
hearing, although Attorney Francois and petitioner indicated to the
court that petitioner wished to represent himself, the court
notified petitioner its requirement that any such request must be
made in writing. (<u>Id.</u>). Thereafter, following petitioner's written
request the court conducted a <u>Faretta</u> hearing on April 19, 2007,
which was continued to and concluded on April 27, 2007.
(DE#12,Ex.24:Transcript of April 19, 2007 and April 27, 2007
Hearings). At the conclusion of the latter hearing, the state trial

23

court permitted petitioner to represent himself and discharged Attorney Francois from the case. (DE#12,Ex.24:Transcript of April 27, 2007 Hearing:46). Trial proceedings were scheduled for May 14, 2007. (DE#12,Ex.24:Transcript of May 3, 2007 Hearing). However, on the day trial was scheduled to commence, petitioner appeared for trial in his jail garb. (DE#12,Ex.25:Transcript of May 14, 2007 Trial). Because the court believed it would be in petitioner's best interest to appear at trial in street clothes instead, it continued trial to the following day, allowing petitioner an opportunity to acquire the preferred attire. (Id.). Accordingly, trial commenced on May 15, 2007. (DE#12,Ex.25:Transcript of May 15, 2007 Trial).

Based on the foregoing, only 128 days had elapsed from the time petitioner was arrested on January 4, 2007, until the time trial commenced on May 15, 2007. As the speedy trial period had not expired, counsel was not ineffective for failing to file a premature notice of expiration of speedy trial, as any such motion would have been invalid and would not trigger the protections of the rule.[8] State v. Garza, 807 So.2d 790 (Fla. 2d DCA 2002); see Hutchinson v. State, 2014 WL 340667 (Fla 2d DCA 2014); Sullivan v. State, 913 So.2d 762 (Fla. 5th DCA 2005).

It is further pointed out that counsel's performance cannot be deemed deficient for failing to file a Notice of Expiration of Speedy Trial at the time of calendar call on March 29, 2007, because it is apparent from the record that counsel was not, and

---

[8] Florida Rule of Criminal Procedure 3.191(h) provides:

Notice of Expiration of Time for Speedy Trial; When Timely.
A notice of expiration of speedy trial time shall be timely if filed and served after the expiration of the periods of time for trial provided in this rule. However, a notice of expiration of speedy trial time filed before expiration of the period of time is invalid and shall be stricken on motion of the prosecuting attorney.

could not adequately have been, prepared to represent petitioner for a trafficking in oxycodone, conspiracy to traffic in oxycodone, obtaining a controlled substance by fraud, and felony driving while license suspended as a habitual offender trial within fifteen days of being appointed counsel. Such fact is highlighted by counsel's own statement to the court during the proceedings conducted on April 27, 2007, that she was not prepared to proceed to trial and if she remained as counsel, she would have to request a continuance because she was not going to trial unprepared, "especially not on charges such as this." (DE#12,Ex.24:Transcript of April 27, 2007 Hearing:12-13). Accordingly, no reasonable and careful attorney would have proceeded to trial days later on May 14, 2007, or fifteen days after by invoking the speedy trial rules.

Moreover, even if this Court were to find that trial counsel's performance was in someway deficient in the time, method and manner in which she pursued the speedy trial issue, petitioner again cannot demonstrate that he is entitled to federal habeas corpus relief in that he suffered no prejudice as a result of the alleged deficiencies. If trial counsel had earlier invoked petitioner's speedy trial rights that does not mean that petitioner would automatically have been guaranteed an immediate discharge, as he apparently believes. He was only entitled to a speedy trial. See State v. Velazquez, 802 So. 2d 426, 430 (Fla. 3d DCA 2001)(holding that the intent of Rule 3.191 is to provide speedy trials and not speedy dismissals); Dabkowski v. State, 711 So. 2d 1219, 1220 (Fla. 5th DCA 1998)(stating that "a defendant is not entitled to a 'speedy dismissal,' but only to a 'speedy trial'"). There is absolutely no indication in the record that the state would not have been able to try petitioner within fifteen days of any time at which trial counsel filed the notice or would not have been able to obtain the extension sought based on exceptional circumstances. The

state indicated at the hearing conducted on April 27, 2007, that it was ready to proceed to trial. (DE#12,Ex.24:Transcript of April 27, 2007 Hearing:2).

In sum, even if trial counsel could be faulted for not doing more to get the case to trial earlier, petitioner has not demonstrated how the conduct of his lawyer prejudiced his defense or changed the result of the proceeding. See Strickland, 466 U.S. at 694-96. Stated differently, he has not shown that he would have received a discharge even if a motion had been filed, or that the state would not have proceeded to trial on the charges within the recapture period or obtained a continuance within the recapture period, or that he would have been acquitted of the subject offense. He has, therefore, not demonstrated that he received constitutionally ineffective assistance of trial counsel with regard to his speedy trial rights. See Lowery v. Cummings, 2006 WL 2361929 *14 (N.D. Fla. 2006)(counsel was not ineffective for not filing a notice of expiration when it would have been denied and the denial order affirmed because the trial court had properly granted a continuance based on the state establishing a well-founded need). See also Newkirk v. State, 947 So. 2d 548 (Fla. 4th DCA 2007)(finding ineffective claim meritless where defendant failed to show that trial was rendered fundamentally unfair or that the state could not have brought him to trial within the time periods allowed by the speedy trial rule); Wells v. State, 881 So. 2d 54 (Fla. 4th DCA 2004), citing Dexter v. State, 837 So. 2d 595 (Fla. 2d DCA 2003)(stating that a defendant cannot demonstrate he or she was prejudiced by counsel's failure to move for discharge under the speedy trial rules without establishing that the state could not bring the defendant to trial within the fifteen-day recapture period provided by rule 3.191(p)(3)).

IX. Evidentiary Hearing

26

Lastly, to the extent the petitioner argues he is entitled to a federal evidentiary hearing on his claims, that claim also warrants no habeas corpus relief here. If a habeas corpus petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of the claim." Holmes v. United States, 876 F.2d 1545, 1552 (11th Cir. 1989), quoting Slicker v. Wainwright, 809 F.2d 768, 770 (11th Cir. 1987). However, no hearing is required where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. Holmes, supra at 1553. Here, for the reasons which have been discussed, the petitioner's claims are all affirmatively contradicted by the existing record, so no federal hearing is necessary or warranted.


## X. Certificate of Appealability


As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2254 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## XI. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 28th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Bruce Burnett, pro se
      DC#L63740
      Century Correctional Institution
      Inmate Mail/Parcels
      400 Tedder Road
      Century, FL 32535

      Mark John Hamel, AAG
      Office of the Attorney General
      1515 N Flagler Drive
      Suite 900
      West Palm Beach, FL 33401
```

29